In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-1680

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RYAN MAEDER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 01 CR 111—**John C. Shabaz**, *Judge.*

APRIL 17, 2003

Before RIPPLE, KANNE and ROVNER, *Circuit Judges.*

PER CURIAM. Ryan Maeder pleaded guilty to conspiring to rob a bank in violation of 18 U.S.C. §§ 371, 2113(a). He was sentenced to 57 months' imprisonment, three years' supervised release, $23,477 in restitution, and a $100 fine. Mr. Maeder's counsel filed a notice of appeal, but we permitted him to withdraw and appointed substitute counsel. His new lawyer now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue for appeal. Because Mr. Maeder declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential

issues identified in the brief. *See United States. v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). For the reasons set forth below, we direct counsel to either amend his brief or withdraw his motion.

The facts presented during Mr. Maeder's plea colloquy, which he admitted were true, established the following. Mr. Maeder met with two other men, Lyle Tyson and Corey Rozowski, on August 9, 2001, to plan to rob the Bank of Drummond in Barnes, Wisconsin. The following day, Tyson and Rozowski robbed the bank using BB guns Mr. Maeder had given them, although Mr. Maeder was not at the bank during the robbery. Following the robbery, Tyson and Rozowski fled the bank to a cabin owned by Rozowski's relatives. Mr. Maeder met Tyson and Rozowski at the cabin and gave Rozowski a ride home.

In his *Anders* brief, counsel affirmatively represents that the district court committed no errors during its Rule 11 plea colloquy and that Mr. Maeder's plea was "knowing and voluntary and nothing [in] the record indicates otherwise." Thus he concludes that any challenge by Mr. Maeder to his guilty plea on that ground would be frivolous.

Our own review of the colloquy has identified two obvious errors. First, the district court failed to specifically tell Mr. Maeder that he was waiving his right to a trial by pleading guilty. Fed. R. Crim. P. 11(c)(4). Second, the district court failed to explain to Mr. Maeder the effect of violating his term of supervised release. Fed. R. Crim. P. 11(c)(1).

The first error appears harmless because the district court explained in great detail to Mr. Maeder his right to a trial and Mr. Maeder acknowledged that he understood that right. *See United States v. Mitchell*, 58 F.3d 1221, 1223-24 (7th Cir. 1995); *United States v. Frazier*, 705 F.2d 903, 906-07

(7th Cir. 1983). With respect to the second error, it too would have been harmless if the combined terms of imprisonment—57 months—and supervised release—36 months—fell below the maximum sentence permitted by statute. *See Schuh*, 289 F.3d at 974. But the combined terms—93 months—exceeds the statutory maximum of 60 months, 18 U.S.C. § 371, and so we cannot say, at this point, that the error is harmless. *See Schuh*, 289 F.3d at 974.

Because we have identified a potentially nonfrivolous issue for appeal regarding Mr. Maeder's plea, we must next ask the threshold question identified in *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002): Has Mr. Maeder expressed a desire to withdraw his guilty plea? In *Knox*, we considered an *Anders* motion filed by a lawyer who also missed two Rule 11 errors in the defendant's plea colloquy. *Id.* at 670. Despite the lawyer's substandard assessment of the potential issues for appeal, however, we granted the motion to withdraw and dismissed the appeal because we found nothing in the record suggesting that the defendant wanted to withdraw his guilty plea. *Id.* at 671. For instance, the defendant filed three responses to his lawyer's *Anders* motion in which he expressed dissatisfaction with the length of his sentence and the effectiveness of his counsel, but never his guilty plea (he did claim that his lawyer misled him into pleading guilty to three counts rather than just two, but contradicted that claim elsewhere in the record). *Id.*

In contrast, Mr. Maeder has filed no response and, in fact, has refused to even consult with counsel about his appeal. As a result, we have no way of knowing whether Mr. Maeder is aware of the potential Rule 11 violations. Nor do we know what choices he would have made had he known.

Although counsel's failure in *Knox* to advise his client of potential Rule 11 violations did not prevent us from granting the motion to withdraw, the situation presented here is different. In *Knox*, the Rule 11 violations which counsel missed appeared harmless: the failure to advise the defendant that he could plead not guilty appeared harmless because he already knew he had that right given that he had originally pleaded not guilty, *id.* at 670; the failure to advise him of the effects of supervised release appeared harmless because the combined terms of incarceration and supervised release did not exceed the statutory maximum, *Schuh*, 289 F.3d at 974. Therefore, even if counsel had recognized the Rule 11 lapses and had discussed them with his client, we could be reasonably certain that the defendant would still not have sought to withdraw his plea. Here, however, the failure to advise Mr. Maeder of the effects of supervised release may not have been harmless, and, as far as we can tell, he does not know about this potential nonfrivolous issue for appeal. Therefore, unlike the situation presented in *Knox*, the Rule 11 violation Mr. Maeder may not know about is a potentially nonfrivolous issue for appeal, and we do not know whether Mr. Maeder would want to withdraw his plea if he knew about the issue.

Accordingly, we direct counsel to evaluate the two potential Rule 11 violations identified above and, within 14 days, either file an amended brief addressing why any challenge of his plea based upon them would be frivolous, or if counsel concludes that a challenge would not be frivolous, withdraw the *Anders* motion and request a briefing schedule. If counsel amends his brief, he must state in the brief whether he has advised Mr. Maeder of the ramifications of withdrawing his plea, and must serve the amended brief on Mr. Maeder under Circuit Rule 51(b). Mr. Maeder may then respond. Cir. R. 51(b).

No. 02-1680                                                                                                          5

A true Copy:

     Teste:

                                               _____
                                         *Clerk of the United States Court of*
                                           *Appeals for the Seventh Circuit*