**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfredo MARTINEZ–BALDERAS,
Defendant–Appellant.**

No. 03–1164.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 2003.

Decided Oct. 31, 2003.

Valarie Hays, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Alfredo Martinez–Balderas, pro se, Pekin, IL, for Defendant–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Alfredo Martinez–Balderas pleaded guilty to illegally re-entering the United States after having been removed because of an aggravated felony conviction. The district court sentenced him to 78 months in prison. His counsel moves for leave to withdraw from this appeal under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that all potential appellate arguments are frivolous. Because counsel's brief is facially adequate and Silva has not responded, we limit our review to the potential claims identified by counsel. *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003). We agree with counsel that all identified arguments would be frivolous, and there-

fore grant his motion to withdraw and dismiss the appeal.

Counsel first contemplates whether Martinez–Balderas could challenge his guilty plea, specifically whether the plea was knowing and voluntary under Federal Rule of Criminal Procedure 11. Counsel informs us, however, that Martinez–Balderas does not want to withdraw his guilty plea, and we have held that counsel generally should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless the defendant wants his plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002); *see also Maeder,* 326 F.3d at 893–94. Accordingly, we need not explore this question further. *Knox,* 287 F.3d at 671.

Counsel considers next whether Martinez–Balderas could challenge his sentence. We agree with counsel that any argument that the sentence is illegal would be frivolous–his 78–month sentence falls well below the 240–month maximum under 8 U.S.C. § 1326(b)(2). Also, because Martinez–Balderas agreed in his plea agreement to the relevant guidelines and did not object to those calculations at sentencing, he waived any challenge to them. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000).

Lastly, we also agree with counsel that any potential challenge to the district court's denial of Martinez–Balderas's request for downward departure would be frivolous. The district court addressed each of the proposed grounds for departure and found that Martinez–Balderas's family responsibilities were not unusual, that he had an extensive criminal history that was not overstated in the presentence investigation report, and that because he was not entitled to serve sentences concurrently, any delay in his indictment did not warrant a departure from the range. The

district court was aware of its discretion to grant the departure, and accordingly we do not have jurisdiction over its denial. *United States v. Bosque,* 312 F.3d 313, 318 (7th Cir.2002).

We GRANT counsel's request to withdraw and DISMISS the appeal.