**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark WARREN, Defendant–Appellant.**

**No. 03–1925.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 31, 2003.

Decided Oct. 31, 2003.

Timothy A. Bass, Office of the United States Attorney, Urbana, IL, for Plaintiff–Appellee.

Mark Warren, pro se, Springfield, MO, for Defendant–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Mark Warren pleaded guilty without a plea agreement to possession with intent to distribute crack and powder cocaine, 21 U.S.C. § 841(a)(1). The district court sentenced him to 168 months of imprisonment, five years of supervised release, and a special assessment of $100. Warren filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot find a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Warren was notified of his counsel's motion pursuant to Circuit Rule 51(b), but he has not responded. Counsel's brief is facially adequate, so we review only the potential issue he has highlighted. *United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003).

Counsel first questions whether Warren's guilty plea colloquy under Federal Rule of Criminal Procedure 11 might be the source of a potential appellate issue. But counsel represents that Warren has no interest in having his guilty plea set aside, and we have held that counsel generally should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless the defendant wants his plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Therefore, no challenge to the plea would be before us.

Counsel next considers whether Warren could challenge his prison sentence, but drug quantity was the only sentencing factor even disputed in the district court. The charge against Warren stemmed from the discovery of eighteen grams of crack and 512 grams of powder cocaine in his residence, but informant information used at sentencing resulted in a drug quantity that included more than 1,400 grams of crack. Warren objected but later at the sentencing hearing withdrew that objection and waived all others. Waiver extinguishes any potential error and forecloses appellate review. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Therefore, we agree with counsel that any challenge to Warren's prison sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.