**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William J. PATRICK, Defendant–Appellant.**

**No. 02–4106.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 2003.

Decided Nov. 4, 2003.

Daniel J. Graber, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

William J. Patrick, Sandstone, MN, pro se.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

### ORDER

William Patrick pleaded guilty to conspiring to distribute at least 500 grams of cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). He was sentenced to 151 months' imprisonment and eight years' supervised release, to run consecutively to the sentence imposed for violating his supervised release in an unrelated case. Patrick appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous argument for appeal. We gave Patrick the chance to respond to his attorney's motion, *see* Cir. R. 51(b), but he did not and so we limit our review to the potential issues discussed in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

Patrick admitted the following conduct during his plea colloquy. In May 2000 he began selling cocaine from his home in Superior, Wisconsin, while on supervised release for a previous drug conviction. By November 2000 he needed help with his drug sales and recruited two of his clients to drive to Minnesota on several occasions to pick up cocaine from his supplier; in exchange, the clients received free cocaine. Eventually Superior police, while investigating the local drug trade, received information leading them to Patrick. He was indicted, and the term of supervised release imposed in his previous drug conviction was revoked.

Counsel first considers whether Patrick, who wants his guilty plea set aside, could argue that his plea was invalid because the district court failed to comply with Federal Rule of Criminal Procedure 11 during his change-of-plea colloquy. *See United States v. Maeder*, 326 F.3d 892, 893–94 (7th Cir.2003); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Patrick did not ask to withdraw his guilty plea in the district court, so we would review any alleged deficiency in the court's plea colloquy only for plain error. *United States v. Vonn*, 535 U.S. 55, 73, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Schuh*, 289 F.3d 968, 974 (7th Cir.2002). Counsel examines whether Patrick could argue that the court violated then-Rule 11(c)(1) (now Rule 11(b)(1)) by identifying the conspiracy count to which Patrick pleaded guilty only by its statute number, 21 U.S.C. § 846, rather than by explaining the nature of the charge. But this could not be plain error because later in the colloquy Patrick admitted all of the conduct necessary to establish guilt. *See United States v. Musa*, 946 F.2d 1297, 1303 (7th Cir.1991); *United States v. Montoya*, 891 F.2d 1273, 1295 (7th Cir.1989). We therefore agree that this potential argument would be frivolous.

■ Alternatively, counsel examines whether Patrick could argue that the court erred when it failed to explain to him the effect of violating a term of supervised release, required under then-Rule 11(c)(1). But this was also not plain error because the maximum prison term permitted by statute—life imprisonment—exceeds the combined length of the prison and supervised-release terms actually imposed. *See Maeder*, 326 F.3d at 893. Furthermore, Patrick obviously understood the consequences of violating supervised release given that a previously-imposed term of supervised release had been revoked. Therefore, we agree with counsel that this potential argument would also be frivolous.

■ Counsel next discusses whether Patrick could argue that the district court erred when it calculated his guideline imprisonment range. Counsel assumes that the court relied upon a flawed calculation by the probation officer, which he contends mistakenly attributed to Patrick six months worth of sales of cocaine to Jeff Kenny rather than five. But this was not the objection to the calculation made by Patrick's trial counsel, which dealt instead with Kenny's trips to Minnesota to buy cocaine for Patrick and whether Kenny actually kept some of the cocaine for himself. But even under the calculations proposed by Patrick's trial and appellate counsels, at least 500 grams of cocaine would still be attributable to Patrick and so his guideline range would be unaffected. *See* U.S.S.G. § 2D1.1(c)(7) (offense level of 26 for cocaine sales of at least 500 grams but less than 2 kilograms). Nothing in the record would support an argument that the court might have sentenced Patrick at the low, rather than high, end of the sentencing range if the cocaine attributable to him was closer to 500 grams. To the contrary, the court said it chose a sentence at the high end of the range because Pat-

rick returned to selling drugs almost immediately after being released from prison for a similar crime, Sen. Tr. at 17. We therefore agree with counsel that any potential argument attacking the quantity of drugs attributed to him would also be frivolous. *See United States v. Saunders*, 129 F.3d 925, 932 (7th Cir.1997) (erroneous calculation that does not affect defendant's sentence is harmless).

■ Counsel also questions whether Patrick might challenge the district court's assessment of a two-level increase for being an organizer or leader. *See* U.S.S.G. § 3B1.1(c). But counsel is correct that any argument that the court should not have assessed the increase would be frivolous because Patrick admitted that he directed at least two of his clients to drive to Minnesota to pick up cocaine from his supplier. *See United States v. Hernandez*, 309 F.3d 458, 463 (7th Cir.2002).

■ Counsel considers, too, whether Patrick could argue that the district court should not have applied a two-level increase for obstruction of justice. *See* U.S.S.G. § 3C1.1. The court assessed the increase based upon an incident in which Patrick reportedly told Kenny that he would kill anyone who turned him into the police. At sentencing Patrick argued that he did not know that police were investigating him when he made the statement and so it was not an attempt to thwart an on-going investigation, but rather was just a "general comment." The court rejected Patrick's argument, and we agree with counsel that any similar argument on appeal would be frivolous for two reasons. First, the presentence report recounts information received from witnesses who told police that Patrick knew he was under investigation when he made the statement. His trial counsel objected to that part of the presentence report, but offered no evidence to rebut it. Second, we defer to the

sentencing court's determination of whether a defendant's statement "evinced the requisite intent or was merely false bravado." *United States v. Chatmon,* 324 F.3d 889, 893 (7th Cir.2003).

 Counsel then examines whether Patrick could argue that the court erred when it failed to grant him a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). The court refused to grant the reduction because Patrick waited until three days before trial to plead guilty, after making the government prepare for trial and respond to numerous pretrial motions that had "no evidentiary basis whatsoever." An acceptance of responsibility reduction is available only to defendants who timely plead guilty, sparing the government the need to prepare for trial. Accordingly, a plea entered only three days before the trial was to begin is not timely. *United States v. Brack,* 188 F.3d 748, 764–65 (7th Cir.1999). Furthermore, a defendant who has obstructed justice is presumed not to be entitled to an acceptance of responsibility reduction. *United States v. Fudge,* 325 F.3d 910, 923 (7th Cir.2003). Any appeal of this issue would therefore also be frivolous.

Finally, counsel discusses whether Patrick could argue that his prison sentence should have been imposed to run concurrent with, rather than consecutive to, the term of imprisonment he is serving for violating his supervised release in a previous case. Under the guidelines, a defendant's sentence "should be imposed to run consecutively" to a term of imprisonment imposed due to a violation of supervised release. U.S.S.G. § 5G1.3, comment. (n.6). Counsel is therefore correct that any argument that the district court erred would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and Patrick's appeal is DISMISSED.