**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sean NANCE, Defendant–Appellant.**

No. 03–1466.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2003.

Decided Nov. 24, 2003.

Sean Nance, pro se, Leavenworth, KS, for Defendant–Appellant.

Laura A. Przybylinski, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Pursuant to a plea agreement, Sean Nance pleaded guilty to possession with intent to distribute crack, 21 U.S.C. § 841(a)(1), and carrying a firearm during a drug offense, 18 U.S.C. § 922(g)(1). The district court sentenced him to 218 months of imprisonment, five years of supervised release, and a special assessment of $200. Mr. Nance filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot find a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Nance was notified of his counsel's motion pursuant to Circuit Rule

51(b), but he has not responded. Counsel's brief is facially adequate, so we review only the potential issues he has highlighted. *United States v. Maeder*, 326 F.3d 892, 893 (7th Cir.2003).

Counsel first evaluates whether Mr. Nance could challenge his guilty plea, which he is now willing to withdraw, because the district court did not literally comply with Federal Rule of Criminal Procedure 11 during his plea colloquy. Mr. Nance never moved to withdraw his plea in the district court, so we would review the plea colloquy only for plain error. *United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001). A variation from the procedures required by Rule 11 would constitute plain error only if it affected the "fairness, integrity, or public reputation" of the proceedings. *Id.* In this case, counsel notes that the district court neglected to inform Mr. Nance of the consequences of violating his terms of supervised release. This did not affect the fairness of the proceeding, however, because Mr. Nance's combined terms of imprisonment and supervised release (338 months) were lower than the maximum sentence permitted by statute (540 months). *Maeder*, 326 F.3d at 893. We agree with counsel that this challenge would be frivolous.

Counsel next considers whether Mr. Nance could challenge the district court's refusal to depart downward during sentencing. Mr. Nance requested a departure because he believed the application of the career offender guideline, U.S.S.G. § 4B1.1, increased his sentence excessively in relation to his criminal history. However, the district court acknowledged that it did "have the discretion to downward depart," but did not believe Mr. Nance's sentence was "outside the heartland." Because the decision to depart (or not to depart) is committed to the district court's discretion, we would lack jurisdiction to review this issue. *See United States v. Johnson*, 289 F.3d 1034, 1043 (7th Cir. 2002). Mr. Nance waived any other objections when he stated that he did not have any objections below. *United States v. Martinez–Jimenez*, 294 F.3d 921, 923 (7th Cir.2002). Waiver extinguishes any potential error and forecloses appellate review. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Therefore, we agree with counsel that any challenge to Mr. Nance's prison sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.