UNITED STATES of America, Plaintiff–Appellee,

v.

Wesley W. HANSON, Defendant–Appellant.

No. 03–1214.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 3, 2003.

Decided Dec. 29, 2003.

---

Peter M. Jarosz, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Wesley Hanson, pro se, Bradford, PA, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### ORDER

Wesley W. Hanson pleaded guilty to possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) (count one) and possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (count two). The district court sentenced Hanson to 120 months' imprisonment for count one and 188 months' imprisonment for count two, with the sentences to be served concurrently. The court also sentenced Hanson to three years' supervised release for count one and five years' supervised release for count two, to be served concurrently, and a $200 special assessment.

Hanson appeals, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because counsel believes that all potential appellate issues are frivolous. Hanson has declined our invitation to file a response; *see* Cir. R. 51(b),

and counsel's supporting brief is facially adequate, and so we limit our review to the potential issues identified in the brief. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir.2003). We agree with counsel that the two potential issues he discusses would be frivolous and therefore grant the motion to withdraw and dismiss the appeal.

Counsel first considers whether Hanson could challenge his guilty plea on the premise that it was not taken in compliance with Fed.R.Crim.P. 11. Hanson told counsel that he wishes to withdraw his guilty plea to regain the right to challenge the search of his home, and so counsel properly considered this potential issue. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir.2002). Nevertheless, because Hanson did not move to withdraw his guilty plea in the district court, our review would be for plain error only. *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

 Counsel directs our attention to four omissions in the court's plea colloquy. First, the court did not inform Hanson of the effect of supervised release. *See* Fed. R.Crim.P. 11(c)(1).[1] This oversight could not be plain error, however, because Hanson's combined term of imprisonment and supervised release, 248 months, is less than the statutory maximum sentence of life imprisonment that Hanson was told he could receive. *See United States v. Schuh*, 289 F.3d 968, 974 (7th Cir.2002). Although the court did not tell Hanson that he had the right to plead not guilty, *see* Fed. R.Crim.P. 11(c)(3), this error was harmless because Hanson was aware of his right to plead not guilty; he originally had pleaded

not guilty to both counts of the indictment and then changed his plea to guilty, *see Knox*, 287 F.3d at 670. Counsel also states that the court did not inform Hanson that he was giving up the right to confront witnesses against him at trial. *See* Fed.R.Crim.P. 11(c)(3). Because the court informed Hanson that "at a trial [he] would have the right to cross-examine witnesses against" him, we agree with counsel that this again would be harmless error. Finally counsel points out that the court failed explicitly to tell Hanson that he was waiving his right to trial by pleading guilty. *See* Fed.R.Crim.P. 11(b)(1)(F) (formerly Fed.R.Crim.P. 11(c)(4)). The court misspoke and asked Hanson if he understood that he would be entitled to a jury trial if he had continued to plead *guilty*, rather than not guilty. This misstatement could not be plain error, however, because it is clear from the rest of the plea colloquy that Hanson understood that he was waiving his right to a trial by pleading guilty. *See Maeder*, 326 F.3d at 893. For these reasons we agree with counsel that the contemplated challenges to Hanson's plea under Rule 11 would be frivolous.

 Counsel next addresses whether Hanson could make a nonfrivolous challenge to his sentence. Hanson advised appellate counsel that he would like to contest the application of § 4B1.4 to his case, which resulted in a higher offense level and longer sentence because Hanson was classified as an armed career criminal. Hanson forfeited this objection by not raising it in the district court, and so we would review the court's determination only for plain error. *United States v. Williams*, 258 F.3d 669, 672 (7th Cir.2001). We

---

1. The 2002 amendments altered the text of former Rule 11(c)(1) so that a court is now expressly required to inform a defendant of the "term" of supervised release but not the "effect" of any supervised release term. *See* Fed.R.Crim.P. 11(b)(1)(H). This amendment does not apply to Hanson, because he pleaded guilty on October 30, 2002, and the amendments did not take effect until December 1, 2002.

could find no error here, plain or otherwise, because Harris has two convictions for burglary, and convictions for sexual intercourse without consent and for escape. Counsel is correct that these convictions qualify as violent felonies under 18 U.S.C. § 924(e)(1). *See Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that burglary is violent felony); *United States v. Brown*, 273 F.3d 747, 750 (7th Cir.2001) (holding that coerced sex is violent felony); *United States v. Franklin*, 302 F.3d 722 (7th Cir.2002) (holding that all escapes qualify as violent felonies). Furthermore, there is no time period restriction on prior convictions considered under § 924(e). *United States v. Hayes*, 919 F.2d 1262, 1266 (7th Cir.1990). Any challenge to the application of § 4B1.4 would thus be frivolous.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.