**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles WHITE, Defendant–Appellant.**

No. 02–1466.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 13, 2003.

Decided Feb. 5, 2004.

Debra Riggs Bonamici, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Charles White, pro se, Waseca, MN, for Defendant–Appellant.

Before POSNER, RIPPLE, and WILLIAMS, Circuit Judges.

## ORDER

A jury found Charles White guilty of conspiracy to possess and distribute cocaine powder and crack, 21 U.S.C. §§ 846, 841(a)(1), and distribution of crack, *id.* § 841(a)(1). White was acquitted on a third count charging him with distributing cocaine powder. The district court sentenced him on each count to 188 months' imprisonment and five years' supervised release, to run concurrently. White filed a notice of appeal, but his appointed counsel now seeks to withdraw because he is unable to discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). White was notified of his counsel's motion pursuant to Circuit Rule 51(b), but he has not responded. Counsel's brief is facially adequate, so we review only the potential issues he has highlighted. *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003).

In evaluating this case, counsel considered challenging the sufficiency of the evidence underlying White's convictions, but concluded that it would be frivolous to do so. We would review the evidence in the light most favorable to the government, *United States v. Taylor,* 226 F.3d 593, 596 (7th Cir.2000), and reverse only if no rational trier of fact could have found the essential elements beyond a reasonable doubt, *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Indeed, we have said that sufficiency challenges can succeed "only if the record is devoid of evidence from which the jury could reach a finding of guilt." *Taylor,* 226 F.3d at 596.

■ With respect to the conspiracy count, the grand jury alleged that White, a member of the Gangster Disciples street gang, conspired with Quincy Jackson and other gang members to possess and distribute cocaine powder and crack. To convict of conspiracy, the government was required to prove "the existence of an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act." *United States v. Sax,* 39 F.3d 1380, 1384 (7th Cir.1994). Here, government witness DeWayne Keith, a street-level dealer, testified that he bought drugs from Jackson approximately 50 times, and that several of those transactions were accomplished by calling Jackson and receiving instructions to meet White and give him roughly $3,000 for 125 grams of cocaine powder. Keith also bought cocaine five to ten other times by calling White directly. Another government witness, co-conspirator Alex Kinsey, confirmed that White sometimes acted as a courier for Jackson. White's partic-

ipation in Jackson's drug sales provided ample evidence of a conspiracy between the two, *United States v. Adkins,* 274 F.3d 444, 451 (7th Cir.2001), so counsel is thus correct that it would be frivolous to challenge the sufficiency of the evidence supporting the conspiracy conviction.

As to the substantive count, the grand jury charged that on March 27, 1997, White distributed 121 grams of crack to Keith. To convict the government was required to prove that White knowingly delivered crack, *United States v. Hatchett,* 245 F.3d 625, 631 (7th Cir.2001), and counsel is surely correct that it would be frivolous for White to argue on appeal that the government failed to discharge its burden. Keith testified about the transaction at trial, and since he was cooperating with authorities at the time, the government also had audio and video recordings of White's drug delivery that it shared with the jury.

Apart from the potential sufficiency claim, counsel also considered whether White could argue on appeal that the trial court erroneously admitted evidence that he was a member of the Gangster Disciples. Evidence may be excluded under Federal Rule of Evidence 403 if it is more prejudicial than probative, and we have recognized that gang membership evidence may damage a defendant in the eyes of a jury. Fed.R.Evid. 403; *United States v. Butler,* 71 F.3d 243, 251–52 (7th Cir.1995). However, we have approved the admission of this evidence where "the interplay between the people is central to proving the elements of the conspiracy." *United States v. Souffront,* 338 F.3d 809, 826 (7th Cir.2003); *see also United States v. Thomas,* 86 F.3d 647, 652–53 (7th Cir.1996). In this case the evidence of gang affiliation was essential to establish that the other members of the conspiracy trusted White enough to allow him to be a courier. Further, only the membership of the gang was discussed, not its activities or principles. In view of the limited nature of the gang-membership evidence presented and the limiting instruction given by the court, *see United States v. Linwood,* 142 F.3d 418, 425 (7th Cir.1998), we again agree with counsel that it would be frivolous for White to argue that the trial court abused its discretion in admitting this evidence.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.