**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Derrick PHILLIPS, Defendant–**
**Appellant.**

**No. 04–1241.**

United States Court of Appeals, Seventh Circuit.

Submitted June 3, 2004.

Decided June 4, 2004.

David E. Risley, Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

Derrick Phillips, Marion, IL, pro se.

Before Hon. JOHN L. COFFEY, Hon. MICHAEL S. KANNE, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

While executing a search warrant at the home of Derrick Phillips, police also searched Phillips' van parked across the street. In it they found 27 baggies containing what turned out to be 5.8 grams of crack cocaine. He pleaded guilty to one count of possessing with intent to distribute crack and was sentenced to 151 months' imprisonment and 8 years' supervised release. He appealed, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies along with those in Phillips' response filed under Circuit Rule 51(b). *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003).

Phillips was originally indicted for multiple drug offenses including Count 10, possession with intent to distribute 5 or more grams of crack within 1000 feet of a school, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860(a). He entered into a plea agreement in which the government agreed to drop all but Count 10 in exchange for Phillips' promise to plead guilty and to forego, with one exception, any direct appeal or collateral attack. Phillips reserved only the right to challenge on direct appeal the district court's relevant conduct finding, which the government argued, and Phillips denied, exceeded 150 grams.

Counsel first discusses whether Phillips' could argue that his guilty plea was not knowing and voluntary. Counsel notes that Phillips did not seek to withdraw his guilty plea in the district court and, after discussions with counsel, does not seek to have it vacated. Counsel is therefore correct that he need not even address the issue. *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Counsel next examines whether Phillips could argue that he received an excessive sentence. But in his plea agreement, Phillips waived his right to appeal any sentencing issue other than relevant conduct. We would uphold the waiver unless the plea agreement in which the waiver appears was invalid. *United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir.2002) ("We have held time and again that a waiver of appeal stands or falls with the rest of the bargain.") But as discussed above, Phillips does not seek to have the plea agreement vacated, and therefore the waiver would preclude him from appealing his sentence.

In his Rule 51(b) response, Phillips suggests one additional ground for appeal: ineffectiveness of counsel. At sentencing, Phillips initially objected to the probation officer's calculation of relevant conduct of 150 grams, but withdrew the objection based upon what Phillips characterizes as bad advice from his attorney. Again, Phillips agreed to a broad waiver of his right to appeal including issues "relating to" his sentence. He would therefore be precluded from appealing his sentence based on his attorney's alleged ineffectiveness. *See United States v. Jemison,* 237 F.3d 911, 916–18 (7th Cir.2001).

Accordingly, we GRANT counsel's motion to withdraw. Phillips' motion for appointment of substitute counsel is DENIED, and the appeal is DISMISSED.