**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul PEREZ, Defendant–Appellant.**

No. 03–1777.

United States Court of Appeals,
Seventh Circuit.

Submitted June 3, 2004.

Decided June 4, 2004.

Rehearing Denied July 20, 2004.

Madeleine S. Murphy, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Raul Perez, Beaumont, TX, pro se.

Before COFFEY, KANNE, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

Perez was convicted of possession with intent to distribute and conspiracy to possess with intent to distribute marijuana, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to two concurrent terms of 360 months' imprisonment, *see id.* § 841(b)(1)(A)(vii). Perez appealed, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies along with those in the response Perez filed under Circuit Rule 51(b). *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir.2003).

The events that led to Perez's arrest began just south of Chicago, when a police officer spotted a suspicious looking truck and asked the driver, Clarence Poteet, for permission to search his trailer. According to Poteet's log book, the trailer was filled with cabbage, but during the search the officer discovered it was actually filled with marijuana. Police arrested Poteet, who told police that Perez had hired him to transport the drugs. Perez was arrested a short time later during a meeting with his probation officer. Police also arrested several other coconspirators whom Poteet had identified as also helping to transport Perez's drugs from Texas to Chicago.

■ First counsel considers whether the district court violated Perez's right to due process by failing to define the term "beyond a reasonable doubt" in the jury

instructions. The Constitution does not require a court to instruct a jury about the meaning of the term "beyond a reasonable doubt." *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). In fact, we admonish district courts not to try to define "reasonable doubt" because any definition will likely confuse jurors more than the words themselves. *United States v. He*, 245 F.3d 954, 959 n. 3 (7th Cir.2001). Therefore any argument that the district court erred by not defining the term for the jury would be frivolous.

■ Next, counsel examines whether Perez could argue that the district court erred when, under Federal Rule of Criminal Procedure 404(b), it permitted the government to introduce evidence of a prior drug conviction and evidence of other bad acts, specifically testimony from Poteet and others that Perez had hired them to transport drugs numerous times in the past. The government sought to introduce the testimony in response to Perez's defense that he obtained marijuana for Poteet on only one occasion—after Poteet allegedly threatened to kill him and his family if he didn't. The court allowed the testimony but gave a limiting instruction to jurors to "consider this evidence only on the question of the defendant's intent, plan, knowledge, identity, and presence."

Any argument that the district court improperly allowed evidence of Perez's prior bad acts would be frivolous. Prior bad acts are inadmissible as evidence that the defendant has a propensity for committing crimes, *see United States v. Toro*, 359 F.3d 879, 884 (7th Cir.2004), but are admissible if used for other reasons, such as proof of motive, identity, plan, or knowledge. Fed. R.Evid. 404(b). However, when determining whether to admit evidence of prior bad acts, the district court must guard against allowing the evidence to be used for an impermissible reason, such as establishing the defendant's propensity to commit crimes. *Toro*, 359 F.3d at 884. Here the district court properly guarded against any potential undue prejudice by giving jurors a limiting instruction. *United States v. Souffront*, 338 F.3d 809, 834 (7th Cir.2003). Further, Perez himself admitted at trial that he had voluntarily participated in one drug deal involving Poteet and the other co-conspirators before Poteet allegedly threatened to kill him if he did not continue dealing drugs. *See United States v. Cooper*, 243 F.3d 411, 416 (7th Cir.2001) (defendant waives 404(b) argument by relying himself on evidence of the prior bad act).

Next, Perez contends in his Rule 51(b) response that he could argue that the district court sentenced him beyond the statutory maximum in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In support, he claims that the district court failed to instruct jurors to determine his drug quantity unanimously. By failing to give such an instruction, Perez contends, the court could not know whether jurors properly determined his drug quantity, and therefore could not sentence him to more than 60 months' imprisonment, the default maximum when drug quantity is undetermined. *See* 21 U.S.C. § 841(b)(1)(D); *United States v. Smith*, 308 F.3d 726, 741 (7th Cir.2002). But Perez's argument ignores the fact that jurors completed special verdict forms, signed by each juror, on which they wrote that Perez possessed, and conspired to possess, more than 1000 kilograms of marijuana. It would therefore be frivolous to argue that jurors failed to determine the quantity of drugs Perez possessed or that Perez could be sentenced to no more than the default maximum.

■ Perez next considers whether he could argue that his indictment failed to adequately notify him of the charges

against him because it did not set forth facts supporting its allegation that he was guilty of aiding and abetting. *See* 18 U.S.C. § 2. But " '[a]iding and abetting need not be specifically pleaded … as long as no unfair surprise exists.' " *United States v. Fauls,* 65 F.3d 592, 599 (7th Cir.1995) (quoting *United States v. Loscalzo,* 18 F.3d 374, 383 (7th Cir.1994)). Perez could not have been surprised that the government would pursue an aiding and abetting theory because the indictment cited the aiding and abetting statute, 18 U.S.C. § 2. Furthermore, objections to the adequacy of an indictment must be made first to the district court, *see United States v. Smith,* 230 F.3d 300, 306 n. 3 (7th Cir.2000), but the record does not reflect that Perez made an objection and he has not claimed that he did. Therefore any argument that he received inadequate notice would be frivolous.

Finally, counsel examines numerous other potential arguments mostly involving the admission of evidence, questioning of witnesses, sufficiency of the evidence, and wording of the jury instructions. We agree with counsel that these arguments would be frivolous because the evidence against Perez was overwhelming. *See Neder v. United States,* 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (error in jury instruction is harmless where evidence supporting judgment is overwhelming); *United States v. Bowman,* 353 F.3d 546, 552 (7th Cir.2003) (defendant may not prevail on sufficiency-of-the-evidence argument where evidence supporting judgment is overwhelming); *United States v. Veysey,* 334 F.3d 600, 606 (7th Cir.2003) (error in admitting evidence is harmless where evidence supporting judgment is overwhelm-

ing), *cert. denied,* —— U.S. ——, 124 S.Ct. 1102, 157 L.Ed.2d 932 (2004).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Perez's appeal.