**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vernon COSEY, Defendant–Appellant.**

No. 04–1843.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 21, 2004.

Decided Oct. 22, 2004.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Jon G. Noll, Springfield, IL, Vernon Cosey, for Defendant–Appellant.

Before MANION, EVANS, and SYKES, Circuit Judges.

ORDER

Vernon Cosey pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and to commit money laundering, 18 U.S.C. § 1956(h). In his plea agreement Cosey admitted that the amount of cocaine involved in the conspiracy was between 15 and 50 kilograms, which warranted a base offense level under the United States Sentencing Guidelines of 34. Cosey and the government also agreed in the plea agreement that he should receive a three-point reduction in his offense level for accepting responsibility. The district court sentenced Cosey in accord with the plea agreement to two concurrent terms of 142 months of imprisonment, concurrent terms of 4 years of supervised release for the drug charge and 3 years for the money laundering charge, and two $100 special assessments. Cosey filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a nonfrivolous issue for appeal. We invited Cosey to respond to counsel's motion, *see* Circuit Rule 51(b), but he elected not to respond. We limit our review of the record to the potential issue identified in counsel's facially adequate brief. *See United States v. Tabb,*

125 F.3d 583, 584 (7th Cir.1997). Because we agree with counsel that an appeal based on the potential issue he identifies would be frivolous, we grant the motion to withdraw and dismiss the appeal.

Cosey's counsel represents that an appeal based on any issues would be frivolous because as part of his plea agreement Cosey waived his right to appeal his convictions and sentences. Counsel highlights the following language in the agreement: "the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence ... on any ground whatever, in exchange for the concessions made by the United States in this plea agreement." Counsel considers whether this waiver can be undermined by arguing that it was entered into involuntarily or without the effective assistance of counsel, but he concludes that such arguments would be frivolous because there is no evidence in the record to support them. More importantly, "waivers of appeal must stand or fall with the agreements of which they are a part," *United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995), so Cosey would not be able to challenge the waiver without challenging his entire plea agreement, a course of action counsel has not suggested Cosey wants to pursue. *See United States v. Maeder,* 326 F.3d 892, 893–94 (7th Cir.2003); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Accordingly we GRANT counsel's motion to withdraw and DISMISS the appeal.