**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfonso RODRIGUEZ, Defendant–
Appellant.**

**No. 03–3973.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 14, 2004.

Decided Oct. 22, 2004.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Alfonso Rodriguez, Seagoville, TX, pro se.

Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

### ORDER

Alfonso Rodriguez pleaded guilty to possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Mr. Rodriguez to 120 months' imprisonment and eight years' supervised release, and ordered him to pay a $100 special assessment. Mr. Rodriguez filed a pro se notice of appeal, but his appointed attorney seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that all potential appellate issues are frivolous. Mr. Rodriguez has declined our invitation to file a response, *see* Cir. R. 51(b), and counsel's supporting brief is facially adequate, so we limit our review to the potential issues identified in the brief. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir.2003).

Counsel has identified just one potential issue. He concludes that Mr. Rodriguez would have a viable argument that the factual basis offered in support of his guilty plea, *see* Fed.R.Crim.P. 11(b)(3), was inadequate; counsel adds, however, that it would be frivolous to pursue the argument because Mr. Rodriguez, in his plea agreement, waived his right to appeal both his conviction and any sentence within the statutory limits. Counsel does not say whether Mr. Rodriguez even wants to challenge his guilty plea, *see Maeder*, 326 F.3d at 893–94; *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir.2002), but we will proceed on the assumption that counsel's decision to discuss the adequacy of the factual basis reflects Mr. Rodriguez's desire to challenge the guilty plea.

■ As a preliminary matter, we reject counsel's premise that Mr. Rodriguez would be able to construct a nonfrivolous argument about the factual basis for his plea. At the change-of-plea hearing, Mr. Rodriguez admitted that he drove his van to a prearranged location and picked up Lorenzo Mendoza, whom he knew had a package containing cocaine. Mr. Rodriguez had previously negotiated a $200 payment for driving Mr. Mendoza to a car wash where Mr. Mendoza was to sell the cocaine. These limited facts are enough to establish that Mr. Rodriguez purposefully assisted Mr. Mendoza in committing a crime, and wanted Mr. Mendoza to succeed. Accordingly, the factual basis, even if brief, was sufficient to support Mr. Rodriguez's guilty plea under a theory that he aided and abetted Mr. Mendoza's possession of the cocaine with intent to distribute. *See United States v. Guerrero–Martinez*, 240 F.3d 637, 641 (7th Cir.2001); *United States v. Ortega*, 44 F.3d 505, 507–08 (7th Cir.1995). Aiding and abetting under 18 U.S.C. § 2 is simply a theory of prosecution, not a separate offense. *See United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002); *United States v. Ruiz*, 932 F.2d 1174, 1180 (7th Cir.1991).

■ In any event, we agree with counsel that Mr. Rodriguez waived his right to appeal. Mr. Rodriguez signed a plea agreement that included the following language:

The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant the right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of

conviction, and the manner in which the sentence, including any fine or conviction, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

At the change-of-plea hearing, the district court explained, pursuant to Rule 11, the ramifications of Mr. Rodriguez's guilty plea. The court advised Mr. Rodriguez that he was giving up his right to appeal and asked him if he understood the scope of the waiver. Mr. Rodriguez told the court that he understood. Because the waiver was clear and unambiguous, and because Mr. Rodriguez knowingly and voluntarily relinquished his right to appeal, we are precluded from considering any challenge to his sentence or conviction. *See United States v. Jones*, 381 F.3d 615, 619 (7th Cir.2004); *United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir.2003).

We GRANT the motion to withdraw and DISMISS Mr. Rodriguez's appeal.