**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2005
Decided June 27, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3715

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| PAUL ANTHONY NELSON, | No. 03 CR 1154 |
| *Defendant-Appellant.* | |
| | **Harry D. Leinenweber**, *Judge.* |

**O R D E R**

Paul Anthony Nelson pleaded guilty to unlawfully reentering the United States in violation of 8 U.S.C. §§ 1326(a), (b)(2).  The district court imposed a sentence of 57 months' imprisonment.  Nelson appealed that sentence, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue for appeal.  Counsel's *Anders* brief is facially adequate and Nelson did not respond under Circuit Rule 51(b).  Thus, we limit our review of the record to those potential issues identified in counsel's brief.  *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir. 2003); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Nelson could argue that the district court improperly applied a 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A) because of

a previous New York conviction for possession of a weapon in the second degree. Nelson argued at sentencing that the weapons charge should not qualify for the adjustment because it was "grossly overstated" as a "crime of violence." *See* § 2L1.2(b)(1)(A)(ii). We note that reliance on this predicate alone might suffice to support the adjustment because criminal possession of a weapon in the second degree, *see* N.Y. PENAL LAW § 265.03, includes as an element the intent to use force. *Shepard v. United States,* 125 S. Ct. 1254, 1259-60 (2005); *United States v. DeWayne Lewis*, 405 F.3d 511, 513-14 (7th Cir. 2005). Regardless, the district court applied the increase on a basis other than a "crime of violence"; it found that Nelson had another conviction that would support the adjustment—a drug trafficking offense for which the sentence imposed exceeded 13 months. *See* § 2L1.2(b)(1)(A)(i). In 2001 Nelson had received a two-year sentence for unlawful possession of a controlled substance with intent to distribute. We agree with counsel therefore that it would be frivolous to argue that the 16-level adjustment was improperly applied.

Counsel next considers whether Nelson could challenge the district court's denial of his request for a downward departure on grounds that the 16-level adjustment was excessive in light of his prior offenses. Before the Supreme Court's decision in *United States v. Booker,* 125 S. Ct. 738 (2005), a discretionary refusal to depart downward was not reviewable unless the district court mistakenly believed it lacked authority to depart. *See United States v. Abimbola-Amoo*, 390 F.3d 937, 938 (7th Cir. 2004). Even if *Booker* now requires us to review the failure to depart for reasonableness, the district court's decision to remain within the correctly calculated guidelines meets that standard, *see United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). We therefore agree with counsel that this potential argument would be frivolous.

Finally, counsel asks whether Nelson could argue that the district court treated the guidelines as mandatory and therefore violated *Booker*. It is true that a mandatory application of the guidelines constitutes error after *Booker*, and a limited remand is required when we cannot discern what sentence the district court would have imposed under an advisory guideline scheme, *see United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005). But in this case, the district court stated an alternative sentence on the record. When asked by the government whether it had a practice after *Blakely* of imposing alternative sentences, the court responded: "In the event that the sentence is unconstitutional, I believe 57 months is in the range of appropriate sentencing." The district court's alternative sentence is reviewed for reasonableness, *see United States v. Tedder*, 403 F.3d 836, 844 (7th Cir. 2005), and a range like this one that is correctly calculated under the guidelines is reasonable, *see George*, 403 F.3d at 472-73. Thus, we agree with counsel that it would be frivolous to argue that Nelson's sentence violates *Booker*.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.