UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 18, 2005
Decided August 25, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-4290

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 CR 548-1 |
| TYRONE WEST, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Tyrone West pleaded guilty to two counts of crack cocaine distribution in violation of 21 U.S.C. § 841(a)(1).  The district court imposed the statutory minimum sentence of 120 months' imprisonment and five years' supervised release. West appealed that sentence, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), asserting that he is unable to find a nonfrivolous issue for appeal.  Counsel's brief is facially adequate, and, although West was notified of his right to file a response under Circuit Rule 51(b), he has not done so.  Thus, we limit our review to those potential issues identified by counsel. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003).

Counsel first considers whether West could attack his guilty plea as involuntary on grounds that the district court misadvised him that the supervised release range was three years to life instead of the correct range of five years to life, *see* Federal Rule of Criminal Procedure 11(b)(1)(I) and (H), a misstatement we would review for plain error because West did not challenge his plea before the district court. *United States v. Gibson*, 356 F.3d 761, 765-66 (7th Cir. 2004). But as counsel points out, the misstatement was harmless because the combined total of imprisonment and supervised release—15 years—is less than the statutory maximum term of life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), that the district court informed West about at his plea hearing. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). In any event, counsel asserts that it is "unclear" if West wants to challenge his plea. Generally counsel should not raise a Rule 11 guilty plea challenge on appeal, or even consider the question in an *Anders* brief, unless the defendant "really wants to withdraw the guilty plea." *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Next counsel considers whether West could challenge his sentence on the basis that the district court "misapplied or unreasonably departed from the guidelines." But counsel is correct that any potential argument along these lines would be frivolous, because not only were the guidelines made advisory after *United States v. Booker*, 125 S. Ct. 738 (2005), but the guidelines did not affect West's sentence—he received the statutory minimum of 120 months' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A). We agree with counsel that an argument under *Booker* would be frivolous because there is no possibility that West would be resentenced to a term of imprisonment below the statutory minimum. *See United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005) ("Put simply, *Booker* and *Blakely* do not affect the imposition of statutory minimum sentences.").

We thus GRANT counsel's motion to withdraw and DISMISS the appeal.