**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

.

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2005
Decided July 20, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1282

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-0132-S-01 |
| ALBERT MASON, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Albert Mason pleaded guilty to knowingly and intentionally possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court imposed the mandatory minimum sentence of 120 months' imprisonment. Mason appealed that sentence, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), asserting that he is unable to find a nonfrivolous issue for appeal. Counsel's brief is facially adequate, and Mason did not file a response under Circuit Rule 51(b). Thus, our review is limited to those potential issues identified by counsel. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first asks whether Mason could contend that his plea was involuntary on grounds that the district court failed to advise Mason during his plea colloquy that it had the right to order restitution or that it was required to impose a special assessment, *see* Fed. R. Crim. Pro. 11, failures we would review for plain error because Mason did not challenge his plea in the district court. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). It is true that the court did not inform Mason that it had a right to order restitution, but, as counsel points out, the court did not impose any restitution and, accordingly, any omission would be harmless error. *See* Fed. R. Crim. P. 11(h); *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). As for the potential argument regarding the court's failure to advise Mason of its obligation to impose a special assessment, we agree with counsel that such an argument would be futile because the court did tell Mason that "there's also a $100 assessment. Are you also aware of that, sir?" – to which Mason acknowledged his assent. In any event, there is no indication that Mason would want to set aside his guilty plea, and lawyers who seek to withdraw under *Anders* must not explore potential challenges to a guilty plea unless the defendant has said that he wishes to unwind the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel next considers whether Mason could argue that the district court erred by imposing a statutory enhancement for prior convictions without asking him if he affirmed or denied the convictions, as required by 21 U.S.C. § 851(b), and whether that error would be harmless. In this case, counsel points out that although the district court did not inquire about the convictions, the government's intent to seek the enhancement was reflected in the Pre-Sentence Report and raised at sentencing and the plea colloquy with no objection from Mason. Because Mason had knowledge of the enhancement as well as the opportunity to object to the government's use of his prior convictions, any error resulting from the district court's failure to comply with the provisions of § 851(b) was harmless error. *See United States v. Williams*, 298 F.3d 688, 692-93 (7th Cir. 2002).

We thus GRANT counsel's motion to withdraw and DISMISS the appeal.