UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006
Decided April 20, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2761

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 04 CR 10001 |
| MERLYN E. SISCO, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

A grand jury charged Merlyn E. Sisco with one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), and a forfeiture count stemming from that offense, *id*. § 2253(b). After initially pleading not guilty, he changed his plea to guilty without benefit of a plea agreement. The district court sentenced him to 108 months' imprisonment to be followed by a lifelong term of supervised release. Mr. Sisco filed a timely notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for the appeal. We invited Mr. Sisco to file a Cir. R. 51(b)

response, but he has not done so. Our review is therefore confined to the potential issues counsel identifies in his facially adequate brief. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first asks whether there are any nonfrivolous issues to be raised regarding Mr. Sisco's conviction. Counsel correctly notes that an "unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea." *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). Accordingly, the only issue with regard to the conviction that could be raised on appeal would be whether Mr. Sisco knowingly and voluntarily entered the plea. But counsel consulted with Mr. Sisco, who expressed no interest in having his guilty plea set aside; counsel thus appropriately avoids any discussion about the adequacy of the guilty plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel also considers a potential issue concerning sentencing disparities. Mr. Sisco argued at sentencing that three previous defendants in the same district court who had committed worse child pornography crimes had received lesser sentences than he faced under the Guidelines, and that he should therefore receive a sentence below the guideline range in order to avoid an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6). He named the three defendants to whom he was comparing his own case, but did not identify the cases with a specific citation or case number. Counsel concludes that it would be frivolous to argue on appeal that the district court erred by rejecting this argument, and we concur. Mr. Sisco presented only cursory facts about the cases he compared to his own. As we have stated:

> It is not enough for a defendant to argue that a few cases from any particular circuit seem to cast doubt on his sentence. In addition, one needs to know more than the crime of conviction and the total length of the sentence to evaluate disparities; the specific facts of the crimes and the defendant's individual characteristics are also pertinent.

*United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005). In any event, the information that Mr. Sisco did provide about those cases, and which the government supplemented at the sentencing hearing, reflected substantial differences in the facts and circumstances of those cases and his own. Mr. Sisco admitted that the sentence in one of the cases involved an upward departure and that the other two involved defendants who actually physically molested children. These sentences are thus distinguishable from his own. Accordingly it would be frivolous to argue that the district court erred by refusing to sentence Mr. Sisco below the advisory guidelines

range in order to bring his sentence in line with sentences handed down in factually dissimilar cases.

Counsel next considers arguing that Mr. Sisco's sentence is unreasonable because the district court refused his request for a sentence below the guideline range to reflect his substantial assistance to the government. *See* U.S.S.G. § 5K1.1. "In the wake of *Booker*, we have concluded that discussion of a district court's departure decisions has been rendered 'obsolete.'" *United States v. Laufle*, 433 F.3d 981, 986 (7th Cir. 2006) (quoting *United States v. Arnaout*, 431 F.3d 994, 1003-04 (7th Cir. 2005)). Instead, "[t]he district court's obligation in every instance is to consult the Guidelines and, taking into account the sentencing factors set forth in section 3553(a), to impose a reasonable sentence." *Id.* at 987. The proper question is whether the sentence is reasonable in light of all relevant sentencing factors, one of which is the nature and degree of Mr. Sisco's assistance. *See id.* However, there is no suggestion in the record that Mr. Sisco provided substantial assistance to the Government in the prosecution of others, and his cooperation with the Government in his own prosecution was accounted for in the guideline sentence. Consequently, any argument that Mr. Sisco's sentence is unreasonable based on his cooperation with the Government would be frivolous.[1]

Finally, counsel weighs an argument that it was error for the district court to reject Mr. Sisco's request for a below-range sentence in consideration of his harsh childhood. Mr. Sisco contended at sentencing that the abuse he suffered as a child should be taken into account as a factor under 18 U.S.C. § 3553(a)(1), which directs district courts to consider the "history and characteristics of the defendant." After hearing testimony from Mr. Sisco's sister, the district court acknowledged that Mr. Sisco had "a father who was very abusive, not just physically abusive but emotionally abusive." But the court clearly explained that it was weighing those circumstances under § 3553(a) against the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to deter Mr. Sisco from future criminal activity and to protect the community from any further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The district court was not required to weigh one § 3553(a) factor more heavily than the others; the analysis is discretionary, and "disagreement with this judge's assessment of the relevant sentencing factors does not by itself warrant reversal." *Laufle*, 433 F.3d at 988. It therefore would be frivolous to argue that the district court erred by not

---

[1] The district court did not rule on this request, but we have held that district courts need not discuss or even explicitly rule upon a frivolous request. *See United States v. Cunningham*, 429 F.3d 673, 678-79 (7th Cir. 2005) (A district court is not required "to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence.").

granting Mr. Sisco a below-guidelines range sentence on the basis of one particular § 3553 factor.

Accordingly, we GRANT the motion to withdraw and DISMISS this appeal.