In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3381

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFRY POLAK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08 CR 140—**Rudolph T. Randa**, *Chief Judge.*

ARGUED FEBRUARY 25, 2009—DECIDED JULY 20, 2009

Before FLAUM, WILLIAMS, and TINDER, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* We are faced with an appeal based on a sentencing court's failure to fully adhere to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Jeffry Polak contends that because the district court failed to inquire about his knowledge of his plea agreement's appellate waiver before accepting his guilty plea, we must remand for resentencing. Although the district court's plea colloquy

was deficient, we find that the totality of the circumstances shows that Polak's acceptance of the plea agreement, complete with appellate waiver, was knowing and voluntary, so we affirm his sentence.

## I. BACKGROUND

On April 4, 2008, Jeffry Polak, an honorably discharged Marine Corps veteran, walked into Milwaukee's Veterans Affairs Medical Center and walked out with the VA's fifty-two inch flat screen television. The police apprehended Polak, whose recent history had been marred by alcohol abuse and a string of petty crimes. Polak immediately confessed and agreed to plead guilty to a one-count information in what the prosecutor described as the quickest plea agreement in his career.

The plea agreement contained a standard appellate waiver under which Polak agreed to waive all appellate rights, including the right to contest his sentence. In addition, among other safeguards, the agreement required Polak to affirm that his "attorney ha[d] reviewed every part of this agreement with me and ha[d] advised me of the implications of the sentencing guidelines." During the plea colloquy, the district court reviewed the rights that Polak was ceding by pleading guilty, ascertained that his attorney had reviewed the plea agreement with him, questioned whether he was pleading guilty voluntarily, asked if he was happy with the assistance of his counsel, and discussed the maximum penalties with him. Then, the court accepted his guilty plea.

*After* the court took his plea, the following exchange occurred:

> Government: Your honor, sorry to interrupt. Before we turn to scheduling matters, if I could just note that there is an appeal waiver in this particular plea Agreement at Paragraph 32.
>
> The Court: Okay. Are you reminding me of the mistake I made in the James Sura case?
>
> Government: In Rule 11 as amended fairly recently it would be appropriate to have a colloquy with the Defendant about the appeal waiver paragraph.
>
> The Court: All right. You know, I agree with Judge Easterbrook in the dissent in that case. The prosecutor has pointed out, Mr. Polak, that by signing this Plea Agreement you have indicated here that you're waiving your right to appeal.
>
> Polak: I'm aware of that your honor.
>
> The Court: And you've gone over that with Mr. Stiller, your Attorney?
>
> Polak: Yes, I have, Your Honor.

At Polak's sentencing hearing, the parties agreed that the advisory Sentencing Guidelines range was six to twelve months. The Government recommended that Polak only receive three years' probation in light of his veteran status, his quick plea, and other mitigating factors. Despite this recommendation, the court sentenced Polak to a "technically" above-Guidelines sentence

of a year and a day.[1] The court noted that it declined to adopt the Government's recommendation because, among other things: (1) probation would not be an adequate deterrent to Polak; (2) Polak, a veteran, victimized other veterans who were down on their luck; and (3) Polak needed to receive alcohol treatment in a custodial environment.

## II.  ANALYSIS

### A.  The Totality of the Circumstances Shows that Polak's Guilty Plea Was Knowing and Voluntary

Polak argues that the district court violated Rule 11 of the Federal Rules of Criminal Procedure when it failed to ascertain Polak's understanding of the appellate waiver *before* accepting his plea, and that, as a result, we must remand for resentencing. He also argues that the district court erred when it failed to specifically mention, during the plea colloquy, that the appellate waiver applied to the court's sentencing decision as well as to the plea itself.

Rule 11, a "guilty-plea safeguard," details the procedures that a district court must follow when a defendant wishes to plead guilty. *United States v. Sura*,

---

[1] Although "technically" above the Guidelines range, Polak's sentence will likely be shorter than twelve months because he will be eligible to receive a reduction for good behavior, whereas if he received a lesser sentence he would not be eligible for such a reduction. *See* 18 U.S.C. § 3624(b)(1).

511 F.3d 654, 657 (7th Cir. 2007). It exists "to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary . . . [and] to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." *Id*. at 657 (quoting *McCarthy v. United States*, 394 U.S. 459, 465 (1969)). So, "the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous . . . attacks on the constitutional validity of guilty pleas." *Sura*, 511 F.3d at 657-58 (quoting *McCarthy*, 394 U.S. at 465). Rule 11(b)(1)(N) specifically requires a sentencing court to review "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence" with the defendant *before* accepting his guilty plea. *Sura*, 511 F.3d at 665 (7th Cir. 2007) (citing Fed. R. Crim. P. 11(b)(1)(N)). So, here, the district court committed error when it failed to discuss the appellate waiver provision before accepting Polak's plea. Because Polak failed to object before the end of the colloquy, our examination here is whether this error was plain. *Id*. at 658.

In order for the district court's error to be plain, we must find that it: (1) affected Polak's substantial rights; and (2) seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. McMath*, 559 F.3d 657, 667 (7th Cir. 2009) (citing *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)). It is Polak's burden to demonstrate that the district court's failure to abide by Rule 11 affected his substantial rights. *United*

*States v. Olano*, 507 U.S. 725, 734-35 (1993). We must look to the totality of the circumstances surrounding the negotiation of the plea agreement and the court's acceptance of the plea to determine whether the district court's failure to properly inquire about the appellate waiver during the plea colloquy constitutes plain error. *Sura*, 511 F.3d at 661. In doing so, the most important question to ask is whether the plea was truly voluntary. *Id*. In making this evaluation, we may examine evidence outside the Rule 11 colloquy. *United States v. Vonn*, 535 U.S. 55, 74-75 (2002). It is a defendant's burden to show that his plea was not voluntary. *Sura*, 511 F.3d at 661. To do so, he must "show a reasonable probability that, but for the error, he would not have entered the plea*." United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). If "the safeguard required by Rule 11 is missing, the record must reveal an adequate substitute for it, and the defendant must show why the omission made a difference to him." *Sura*, 511 F.3d at 667.

In *Sura*, although the district court asked whether the defendant read his plea agreement and advised him that he was relinquishing certain rights, it failed to inquire about the defendant's knowledge of an appellate waiver during the plea colloquy. *Id.* at 656-57. We found that, in the absence of a proper and complete Rule 11 colloquy, the defendant's plea was not knowing and voluntary. *Id*. at 662-63. In determining this, we noted that: (1) the plea colloquy not only failed to mention the appellate waiver, but also failed to ascertain whether the defendant went over the agreement with his attorney; (2) the defendant's age, mental condition, and confused responses

to the court tended to indicate that he had not fully understood the plea agreement; and (3) the record failed to show any substitute that could replace the safeguards of Rule 11. *Id*. at 662.

Unlike in *Sura*, the record in this case reveals that Polak's plea was voluntary and that substitutes for a proper Rule 11 colloquy were in place, which indicated that Polak was aware of the plea's appellate waiver. In *Sura*, we dealt with an unsophisticated defendant and the record did not show that he had read and understood the appellate waiver. Here, we deal with a more educated defendant and the record reveals, in several ways, that he had adequate knowledge of the appellate waiver. Among other things: (1) the court inquired about whether Polak had gone over the agreement with his attorney, and Polak responded that he had; (2) Polak signed the plea agreement below a statement that stated that he reviewed all aspects of the plea with his attorney; (3) the court inquired about his knowledge of the appellate waiver, albeit after he entered the plea; (4) Polak had a high school education and a career in the military; and (5) the Government had overwhelming evidence against Polak, making the acceptance of a plea agreement (with appellate waiver) highly reasonable. Perhaps most persuasive is the fact that Polak admits that he still wants to plead guilty (he just wants to be resentenced)—therefore, any argument that "but for the error, he would not have entered the plea" must be viewed with skepticism. *See id*. at 658. Based on these factors, we find that the totality of the circumstances shows that Polak's plea was voluntary, and we

therefore uphold his appellate waiver. Further, because the plain text of the waiver indicates that the waiver applied to both his plea and his sentence, and because we held that there was adequate indicia in the record that he had knowledge of the waiver, we reject Polak's argument that the district court committed plain error when it did not specifically mention that the appellate waiver applied to collateral attacks on his sentence.

Because the appellate waiver in Polak's plea agreement is valid, we need not address Polak's claim that his sentence is unreasonable. We therefore affirm his sentence.

Finally, we note that although harmless on this record, these omissions are far from inconsequential and entirely preventable. To prevent these occurrences in the future, district court judges would be well-advised to follow the model for conducting a plea colloquy outlined in the Benchbook for United States District Court Judges. *See* § 2.01 (5th ed. 2007); also available at http://cwn.fjc.dcn/public/pdf.nsf/lookup/ Benchbk5.pdf/$file/Benchbk5.pdf. We also note that it is the responsibility not only of the district court, but also of the prosecutor and defense counsel to ensure that a plea meets the requirements of Rule 11. District court judges are juggling hundreds of cases, both civil and criminal. Mistakes happen, but if the court inadvertently misses a step in the plea colloquy, counsel should speak up and bring the omission to the court's attention before the plea is accepted. Busy trial judges will welcome the opportunity to avoid error. If the court and both counsel

utilize a checklist which spells out the Rule 11 require-
ments, this type of appeal could be avoided in the future.

## III.  CONCLUSION

For the foregoing reasons, Polak's sentence is AFFIRMED.