| NONPRECEDENTIAL DISPOSITION |
| To be cited only in accordance with |
| Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010
Decided July 14, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 09-2428 & 09-2429

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | Nos. 05-CR-228 & 06-CR-163 |
| DRAKENOLD T. NGUYEN, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Chief Judge*. |

**O R D E R**

Drakenold Nguyen pleaded guilty to conspiracy to possess and distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to launder the proceeds, 18 U.S.C. § 1956(a), (h). His plea agreement resolved indictments in both the Eastern District of Wisconsin and the Eastern District of Michigan, and includes a waiver of Nguyen's right to appeal his sentence except with routine exceptions not relevant here. The district court imposed concurrent terms of 240 months' imprisonment. Nguyen has filed a notice of appeal, but his appointed counsel are unable to find a nonfrivolous basis for the appeal and have moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Nguyen opposes dismissal and moves this court to appoint new counsel. *See* CIR. R. 51(b). We confine our

review to the potential issues outlined in counsel's facially adequate brief and Nguyen's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Nguyen now contends that his guilty pleas were involuntary. Accordingly, counsel first address whether there is any basis to argue that the pleas should be set aside. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). In the district court Nguyen did not seek to withdraw his pleas; therefore, we would examine the plea colloquy only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). Rule 11 of the Federal Rules of Criminal Procedure details the procedures that a district court must follow when a defendant wishes to plead guilty. FED. R. CRIM. P. 11(b)(1); *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009). If the district court omits an admonishment required by Rule 11, "the defendant must show why the omission made a difference to him." *United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007).

Nguyen's lawyers count four omissions in the change-of-plea colloquy. According to counsel, the district court did not inform Nguyen that (1) he could be ordered to pay restitution or to forfeit property, (2) he retained the right to plead not guilty, (3) he could have court-appointed counsel, and (4) he would waive his right to confront witnesses by pleading guilty. *See* FED. R. CRIM. P. 11(b)(1)(J), (K), (B), (D). But counsel are mistaken. Restitution and forfeiture were not issues in the prosecution, so the district court properly said nothing about either. *Cf. United States v. Fox*, 941 F.2d 480, 484 (7th Cir. 1991). And the court did tell Nguyen that he could persist with his plea of not guilty and had the right to counsel. The court also described the steps in a trial—including cross-examination of the government's witnesses—and warned Nguyen that he would "not have a trial such as I've described" if he pleaded guilty. Moreover, paragraph 31 of the plea agreement lists the trial rights that Nguyen would give up by pleading guilty, including the right to confrontation, and during the plea colloquy the court specifically drew Nguyen's attention to that paragraph. All of that was enough to satisfy the standard of substantial compliance with Rule 11. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

In his Rule 51(b) response, Nguyen contends that his guilty pleas lacked a factual basis. But at the change-of-plea colloquy, Nguyen testified under oath at length about his involvement in a conspiracy to distribute marijuana and launder the drug proceeds through Canada. Thus, this argument would be frivolous because his testimony was enough to satisfy the district court that there is a factual basis for the guilty pleas. *See* FED. R. CRIM. P. 11(b)(3); *Schuh*, 289 F.3d at 975.

Nguyen also asserts that the government rendered his guilty pleas involuntary by not informing the district court of the nature and extent of his cooperation and by violating a purported agreement to limit his prison sentence to ten years. The plea agreement does not include any term limiting the length of Nguyen's prison sentence, and during the plea colloquy he assured the district court that no promises had been made to him beyond what is in the written agreement. Any argument that his prison sentence is longer than what he was promised is thus beyond the scope of this direct appeal, and even in a post-conviction proceeding, Nguyen will face a presumption that his statements to the court during the colloquy were truthful. *See Sura*, 511 F.3d at 662; *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). As for cooperation, Nguyen is correct that under the plea agreement the government promised to advise the district court of the nature and extent of his cooperation. But there is no evidence in the record that Nguyen had cooperated with the government in its investigation of his case or any related matter, nor does Nguyen assert in his Rule 51(b) response that he cooperated. *See United States v. Jones*, 209 F.3d 991, 997-98 (7th Cir. 2000).

Finally, Nguyen asserts that the lawyer who negotiated the plea agreement provided ineffective assistance though he does not explain how his lawyer's performance was deficient. A claim of ineffective assistance is best raised on collateral review where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Nguyen's plea agreement includes an unambiguous waiver of his right to appeal his sentence. An appeal waiver stands or falls with the plea agreement, and because we conclude that any challenge to Nguyen's guilty pleas would be frivolous, the waiver is enforceable. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008); *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeals. We DENY Nguyen's motion for appointment of new counsel.