NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3290

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 2:08-cr-252 |
| | |
| AYINDE G. JAMES, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Ayinde James pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). The probation officer calculated a total guidelines imprisonment range of 87 to 93 months, but the district court credited James for accepting responsibility, thereby reducing the range to 81 to 87 months. At sentencing the government recommended a prison term of 87 months, but the district judge said he would instead accept James's request to be sentenced at the low end of the guidelines range. Nevertheless, when pronouncing sentence, the district

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

judge imposed terms of 27 months on the distribution charge and 60 months on the firearm charge, for a total of 87 months' imprisonment. That sentence is also reflected in the written judgment.

On appeal James argues that the 87-month prison sentence cannot be reconciled with the district judge's stated intent to sentence him at the low end of the guidelines range, and the government concedes the point. In light of the discrepancy between the district court's comments and the sentence ultimately imposed, we agree with the parties that it would be prudent to permit the court to clarify whether the pronounced sentence was deliberate or based on a misapprehension of the guidelines range. *See United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). Accordingly, we VACATE James's sentence and REMAND for resentencing.