NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010
Decided December 22, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1146

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> RICHARD L. CANSLER, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. <br><br> No. 3:07CR00042-009 <br><br> Richard L. Young, <br> *Chief Judge*. |

**O R D E R**

Richard Cansler was stopped by police while driving from a meeting where he picked up one pound of methamphetamine and three pounds of marijuana. The officers discovered the drugs, and Cansler was charged with several drug-related counts, including possession with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1). Cansler pleaded guilty to that count as a part of a written plea agreement in which he specifically bargained for a sentence of 192 months' imprisonment, *see* FED. CRIM. P. 11(c)(1)(C), and waived his right to appeal the conviction or sentence. The district court accepted the plea agreement, and sentenced Cansler to 192 months.

Despite agreeing to the appeal waiver and receiving the sentence to which he agreed, Cansler filed a notice of appeal. His appointed counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Cansler opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief and in Cansler's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

According to counsel, Cansler wants us to set aside his guilty plea (and with it his appeal waiver), and thus counsel begins by evaluating the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Cansler did not move to withdraw his guilty plea in the district court, so we would examine the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). Rule 11 of the Federal Rules of Criminal Procedure details the steps a district court must follow before accepting a guilty plea. FED. R. CRIM. P. 11(b)(1); *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009). Neither Rule 11 nor this court requires rigid adherence to the provisions of Rule 11, *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir.2003); *United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir. 2000), and even where there has been a significant omission, a defendant will not be able to establish plain error unless he can "show why the omission made a difference to him," *United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007).

Counsel has identified only one omission in the plea colloquy: the district court did not advise Cansler that forfeiture could be ordered. *See* FED. R. CIV. P. 11(b)(1)(J). Yet Cansler knew about the possibility of forfeiture: his indictment includes a count seeking criminal forfeiture, and months before he pleaded guilty, Cansler was aware that a parallel claim for civil forfeiture had been dismissed on the government's motion on the condition that the same property would be sought in the criminal case. Thus, we agree with appellate counsel that it would be frivolous for Cansler to argue on appeal that the district court committed plain error by omitting mention of the ongoing forfeiture proceeding during the Rule 11 colloquy. *See Blalock*, 321 F.3d at 688; *Schuh,* 289 F.3d at 975.

Because the guilty plea would stand, so would Cansler's appeal waiver. *See Sura*, 511 F.3d at 658-59; *United States v. Williams,* 184 F.3d 666, 668 (7th Cir. 1999); *United States v. Wenger,* 58 F.3d 280, 282 (7th Cir. 1995). That waiver forecloses the potential argument about drug quantity, which Cansler proposes in his Rule 51(b) response. Even apart from the waiver, however, we would not have jurisdiction to review Cansler's sentencing issues because Cansler agreed to a specific sentence under Rule 11(c)(1)(C) as a part of his plea agreement. A defendant who agrees to a specific sentence cannot appeal the sentence imposed unless it exceeds the sentence he bargained for or was imposed in violation of law. *See* 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Cieslowski*, 410 F.3d 353, 363-64 (7th Cir.

2005); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996). And because 192 months is both the sentence Cansler agreed to and is within the statutory maximum, a life sentence, for the offense, *see* 21 U.S.C. § 841(b)(1)(A)(vii), we would lack jurisdiction to review the sentence.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.