NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. R. 32

# United States Court of Appeals
## For the Seventh Circuit
### Chicago, Illinois  60604

Submitted: May 25, 2010
Decided: February 9, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1697

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| MIHAEL HANN, a/k/a DANIEL NEAMTU, *Defendant-Appellant*. | 06 CR 923 <br><br> John W. Darrah, *Judge*. |

**ORDER**

Mihael Hann a/k/a/ Daniel Neamtu[1] was charged with four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and two counts of receipt of stolen funds, in

---

[1] The defendant concedes that his true name is Daniel Neamtu and that Mihael Hann (also spelled "Mihail Hann" in the pleadings) is an alias he used as part of the unlawful scheme for which he was convicted.  Nevertheless, the government indicted him using the Hann alias, his criminal judgment was issued using that name, and his appeal was filed under that name as well.  We will therefore refer to the defendant as "Hann."

violation of 18 U.S.C. § 2315. Hann pled guilty to one count of wire fraud pursuant to a plea agreement, and in exchange, the government moved to dismiss the remaining counts.

Hann participated in a scheme to defraud internet users by offering items for sale on auction sites such as eBay, and inducing would-be buyers to send money to purchase items that the schemers never intended to deliver. Hann used various aliases to collect the buyers' money from currency exchanges. All in all, the government estimated that Hann scammed approximately seventy-four victims out of $220,000. Hann forwarded most of the proceeds to his co-schemers, retaining approximately 15% for himself.

Although the defendant and the government initially disagreed about the amount of the foreseeable loss for which Hann could be held responsible, they eventually agreed that the amount was more than $200,000 and less than $400,000, a range that added twelve points to his base offense level. The court agreed with this amount and calculated Hann's total offense level as twenty-two. Combined with a criminal history category of I, the resultant sentencing guideline range was forty-one to fifty-one months. The government argued for a sentence on the high end of the guidelines range, and the court agreed:

> I think a sentence that provides just punishment and adequate deterrence to you and other people generally who are similarly inclined, and also protects the public and that deters you from further conduct, is a sentence that must be within the guideline range.

Sentencing Tr. at 13. The court then inexplicably sentenced Hann to a term of fifty-seven months' imprisonment, six months more than the high end of the guidelines range. The court gave no explanation or justification for the above-guidelines sentence.

Our review of sentencing decisions is limited to whether they are reasonable, applying the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first must ensure that the district court committed no significant procedural error. *Gall*, 552 U.S. at 51. Procedural errors include, among other things, failing to calculate or incorrectly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, or failing to explain adequately the chosen

sentence, including an explanation for any deviation from the guidelines range. *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence using the abuse of discretion standard. *Gall*, 552 U.S. at 51.

In this case, the government concedes that the district court committed a procedural error in sentencing Hann. Although the court correctly calculated the guidelines range and expressed a desire to sentence the defendant within that range, the court sentenced Hann to a term six months greater than the high end of the guidelines range. The government speculates that the error was inadvertent, that the court did not intend to sentence Hann above the guidelines range. Alternatively, the government concedes that if the court did intend to exceed the guidelines range, it erroneously provided no explanation justifying that decision. We have consistently held that, although a district court's explanation need not be exhaustive, it must be adequate to allow for meaningful appellate review. *United States v. Scott*, 555 F.3d 605, 608 (7th Cir.), *cert. denied*, 130 S.Ct. 341 (2009); *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008); *United States v. Tockes*, 530 F.3d 628, 632 (7th Cir. 2008). "If the sentence imposed is outside the guidelines range, the district court must provide a justification that explains and supports the magnitude of the variance." *Scott*, 538 F.3d 608 (quoting *Carter*, 538 F.3d at 789).

In this instance, the court sentenced Hann outside the correctly calculated guidelines range, but provided no explanation for the variance. Indeed, the court expressed a preference for sentencing within the guidelines range. The district court thus committed a procedural error. *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009) ("A sentence is procedurally unreasonable if the judge thinks it within the guidelines range, but it isn't[.]"). We therefore vacate the sentence and remand for resentencing. Hann's February 7, 2011 Motion to Sever the Appeal of Mihael Hann for Purposes of Disposition is dismissed as moot.

VACATED AND REMANDED.