NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 25, 2012
Decided February 10, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVER, *Circuit Judge*

No. 11-2753

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:10-cr-30053--MJR-5 |
| | |
| TERRILL CLARK, | Michael J. Reagan, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Terrill Clark pleaded guilty to conspiracy to engage in dogfighting, *see* 18 U.S.C. § 371; 7 U.S.C. § 2156(a)(1), (b), and was sentenced to a term of imprisonment of 12 months and 1 day. Clark argues that the sentencing court committed procedural error because the Guidelines imprisonment range was 6 to 12 months, yet the court repeatedly stated that the sentence imposed is within the Guidelines range. Clark also argues that his prison sentence is substantively unreasonable. Because the district court's procedural error was harmless and the court sufficiently explained the chosen sentence, we affirm the judgment.

Clark and six coconspirators organized and promoted dog fights in Missouri and southern Illinois. When the seven men were arrested, authorities seized more than 400 pit bulls. Clark's involvement included breeding, training, and selling fighting dogs, as well as

handling dogs during fights. On one occasion he actively participated in a match by fighting one of his dogs for a $100 bet against a dog owned by an undercover agent; on another occasion he paid $20 to attend one fight for money and one "roll" fight. (A "roll" fight is a controlled sparring match that is meant to determine the potential of fighting dogs rather than an outright winner and loser. *See United States v. Courtland*, 642 F.3d 545, 548 n.1 (7th Cir. 2011).) Clark also attended several other roll fights and sold two of his dogs to an undercover agent for $700.

Clark was sentenced at the same time as four of his coconspirators. Before imposing individual sentences, the district court explained that in dogfighting cases it deems the most-important sentencing factors to be the needs to promote deterrence and respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The court also opined that the Guideline corresponding to violations of 7 U.S.C. § 2156, *see* U.S.S.G. § 2E3.1, lacks sufficient detail because it does not include adjustments for factors the court believes are significant in dogfighting cases, including whether the defendant facilitated fights, the number of dogs and fights that can be tied to the defendant, and how long the defendant participated in a dogfighting conspiracy. In *Courtland* we concluded that each of these factors could properly be considered as part of the "nature and circumstances of the offense" under 18 U.S.C. § 3553(a)(1). 642 F.3d at 553.

In sentencing Clark, the district court adopted without objection the factual findings and the Guidelines calculations in the presentence investigation report, which included an imprisonment range of 6 to 12 months. The government argued for a sentence of either 10 months' imprisonment or 12 months and 1 day, which the prosecutor said without any explanation would yield "about the same sentence." Clark countered that he should receive probation because he was connected only to a few of the dogs and fights, lacked a leadership role in the conspiracy, and participated in the conspiracy for only a brief time. The district court recounted Clark's involvement in the conspiracy and explicitly declined to impose an adjustment for extraordinary cruelty to an animal. *See* U.S.S.G. § 2E3.1 cmt. n.2. The court then stated:

> This is a case where I don't believe the court, in order to promote respect for the law and deter others, needs to depart above the guidelines. I think an appropriate sentence in this case is that of one that will give incentive for good behavior while incarcerated. I am going to sentence him to one year and one day, which is within the guideline sentence.

Later, in declining to stay execution of Clark's sentence, the court again referred to the prison term as within the Guidelines range.

Clark first argues that the district court committed procedural error because the court misstated that his prison sentence of 12 months and 1 day is within the Guidelines range. Although this sort of mistake has not been specifically identified by the Supreme Court as a significant procedural error, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we have determined that "[a] sentence is procedurally unreasonable if the judge thinks it within the range, but it isn't—either because the range was not determined accurately in the district court, or because the judge misunderstood what the range was." *United States v. Bartlett*, 567 F.3d 901, 909–10 (7th Cir. 2009); *see also United States v. Alldredge*, 551 F.3d 645, 647 (7th Cir. 2008) ("A judge must correctly understand what the Guidelines recommend.").

The government counters that the district court imposed a sentence one day above the Guidelines range so that Clark could earn "good-time" credits, which are not given to inmates serving prison terms of one year or less. *See* 18 U.S.C. § 3624(b)(1). That explains the prosecutor's statement at sentencing that a term of 12 months and 1 day would be "about the same" as a 10-month term. *See White v. Scibana*, 390 F.3d 997, 1000 & n.1 (7th Cir. 2004) (calculating 319 days as actual amount of time to be served by defendant sentenced to 366 days who earns maximum amount of good-time credits). Due to the effect of good-time credits, the government argues, no procedural error occurred because a sentence of 12 months and 1 day is "for all practical purposes . . . less than or equal to" a sentence of 12 months. The government also argues that, even if the court did commit procedural error, the error was harmless because the court's statements show that it would impose the same sentence on remand.

We conclude that the district court did commit procedural error because it said at three different times that Clark's prison sentence is within the Guidelines range and never expressed a different understanding. We recognize that a federal prisoner with a year-and-a-day sentence usually will serve less time than an inmate with a 12-month sentence. *See United States v. Polak*, 573 F.3d 428, 430 n.1 (7th Cir. 2009). We also acknowledge that other cases in which we have found similar procedural errors have involved much larger discrepancies than a single day. *See Bartlett*, 567 F.3d at 910 (remanding because judge appeared to believe that sentence 20 months above Guidelines range was at top of range); *United States v. Hann*, 407 F. App'x 953, 954–55 (7th Cir. 2011) (nonprecedential decision) (remanding because judge appeared to believe that sentence 6 months above Guidelines range was within range); *United States v. James*, 388 F. App'x 548, 548–49 (7th Cir. 2010) (nonprecedential decision) (remanding because judge stated he would impose sentence at bottom of Guidelines range but imposed a term 6 months higher). Nevertheless, the record shows that the court misunderstood where the top of Clark's imprisonment range fell.

Yet despite the district court's mistake, a remand for resentencing is not necessary because the error was harmless. Procedural error at sentencing is harmless if the government can show that the error did not affect the court's selection of a sentence. *United States v. Hill*, 645 F.3d 900, 906, 912 (7th Cir. 2011); *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009). That burden is met here because the district court said that it wanted to give Clark an incentive to engage in good behavior while incarcerated, and any sentence shorter than 1 year and 1 day would remove Clark's eligibility for good-time credits. *See* 18 U.S.C. § 3624(b)(1). At oral argument Clark conceded that the court's goal was to allow him to earn good-time credits, but he argues that he might not qualify for those credits and that other sentencing alternatives within the Guidelines range could have satisfied the court's goal. Clark's premise that he might not behave well enough in prison to earn credits misunderstands the point of an *incentive*. And his suggestion that the district court could have given him incentive to maintain good conduct by imposing a shorter term of imprisonment coupled with a longer term of supervised release fails to appreciate that the court's stated goal was to encourage good behavior *while* he is incarcerated. Thus, although the district court has not said explicitly that it would have imposed the same sentence even had it realized that a year and a day was outside Clark's Guidelines range, *see, e.g., Hill*, 645 F.3d at 912–13, we are confident of that outcome because the existing record reflects the court's clear intention to enable Clark to earn good-time credits.

Clark also argues that his prison sentence is substantively unreasonable because, he says, proper application of the factors we approved in *Courtland* to the facts of his case should have resulted in a lower sentence. But in *Courtland* we stated that in dogfighting cases district courts may consider factors not covered by § 2E3.1 as part of the "nature and circumstances of the offense" under § 3553(a)(1); nothing in that decision requires judges to impose a below-range sentence if evaluation of those factors appears to favor the defendant. *See Courtland*, 642 F.3d at 553. Clark's sentence, although one day above the Guidelines range, is reasonable as long as the court justified its decision as measured against the § 3553 factors. *United States v. Vaughn*, 614 F.3d 412, 414–15 (7th Cir. 2010); *see also Gall*, 522 U.S. at 51 (permitting court of appeals to consider extent of deviation of an above-Guidelines sentence when reviewing for reasonableness). The court did that here by discussing Clark's involvement in the conspiracy and his previous convictions, explaining the need to promote deterrence and respect for the law, and stating its desire to impose a prison sentence that would give Clark an incentive to behave while incarcerated.

                                                                                                 AFFIRMED.