NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016
Decided June 1, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2007

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-CR-188-JPS-3 |
| MICHAEL HIGHSHAW, *Defendant-Appellant*. | J. P. Stadtmueller, *Judge*. |

**O R D E R**

Michael Highshaw pleaded guilty to a conspiracy involving 500 grams or more of crack and powder cocaine, 21 U.S.C. §§ 846, 841(a)(1), and to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He was then sentenced below the guidelines to 180 months' imprisonment. Although the plea agreement included an appeal waiver, Highshaw filed a notice of appeal. His lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Highshaw declined our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Highshaw wishes to challenge his guilty plea and proceeds to discuss the adequacy of the plea colloquy. We agree with counsel—despite her failure to notice several shortcomings in the colloquy—that any challenge to the plea would be frivolous. The court neglected to inform Highshaw that forfeiture, restitution, or a special assessment could be ordered, FED. R. CRIM. P. 11(b)(1)(J),(K),(L), that he had a right to persist in his plea of not guilty, FED. R. CRIM. P. 11(b)(1)(B), and that he had a right to be represented by counsel, FED. R. CRIM. P. 11(b)(1)(D). But Highshaw never moved to withdraw his guilty plea in the district court, so our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). First, the court's silence regarding restitution was inconsequential because the court never ordered restitution. *See United States v. Fox*, 941 F.2d 480, 484–85 (7th Cir. 1991). Although the court did not mention either forfeiture or a special assessment, the plea agreement detailed the forfeiture of particular firearms and ammunition, as well as a $200 special assessment. *See United States v. Driver*, 242 F.3d 767, 769, 771 (7th Cir. 2001); *United States v. Akinsola*, 105 F.3d 331, 333–34 (7th Cir. 1997). The court also did not inform Highshaw of his right to plead not guilty, but he must have known as much because he already had pleaded not guilty at his arraignment and the very purpose of the colloquy was to change that plea. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). Finally, the district court's failure to advise Highshaw of his right to counsel could not be plain error, FED. R. CRIM. P. 11(b)(1)(D), as Highshaw had counsel throughout the proceedings and does not allege that he was unaware of this right. *See United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988). The transcript of the plea colloquy shows that the district court otherwise substantially complied with Federal Rule of Criminal Procedure 11(b), *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), although we would remind the district court to follow the model for conducting the plea colloquy to avoid these errors in the future, *see United States v. Polak*, 573 F.3d 428, 432–33 (7th Cir. 2009).

Highshaw's appellate lawyer also has evaluated the case for possible sentencing claims, but correctly concludes that any claim would be foreclosed by his appeal waiver ("[T]he defendant knowingly and voluntarily waives his right to appeal his sentence in this case . . ."). An appeal waiver stands or falls with the guilty plea, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), and counsel has not identified an exception that would apply here, *see United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Counsel briefly considers whether the appeal waiver might be unenforceable on the ground that the district court made a confusing statement about the scope of the waiver at the change-of-plea hearing: "Whether or not [the appeal

waiver is] effective or not is [a] subject for the court of appeals and for that reason this court doesn't put a lot of stock in those waivers. But, in any event, it is part of the plea agreement." But counsel correctly concludes that this comment could not be the basis for a non-frivolous challenge because the court said these words after Highshaw confirmed that he was waiving his right to appeal, and there is no indication that the court's statements confused him. *See United States v. Williams*, 184 F.3d 666, 669 (7th Cir. 1999).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.