NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018
Decided November 20, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2625

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 15-CR-40046-JPG-6 |
| JEROME MERRIWEATHER, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Jerome Merriweather pleaded guilty to conspiring to distribute heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and three counts of distributing heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C). In his plea agreement, Merriweather waived his right to appeal "any aspect of the conviction and sentence, including the manner in which the sentence was determined or imposed" unless the sentence exceeded the greater of the Sentencing Guidelines range or any applicable statutory minimum. In that case, Merriweather could appeal the substantive reasonableness of his sentence. The district court sentenced him to 228 months' imprisonment, within the disputed guidelines range of 188 to 235 months (based on an offense level of 31 and criminal history category VI).

Merriweather filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Merriweather opposes counsel's motion to withdraw. *See* Cir. R. 51(b). Merriweather later moved to supplement his 51(b) response, which we allowed, and we considered the supplemental response in addressing counsel's motion. Because counsel's brief appears to be thorough and addresses potential issues that this type of appeal might be expected to involve, we limit our review to the subjects that counsel discusses, along with the issues raised in Merriweather's responses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Merriweather could challenge his guilty plea, something Merriweather states he wishes to do. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Although Merriweather waived his right to challenge his conviction, "[a]n appeal waiver stands or falls with the underlying guilty plea." *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Thus, enforcement of the waiver depends on whether the plea was knowing and voluntary. *Id*. Merriweather moved to withdraw his plea in the district court, but he did not argue that his plea was not knowing or voluntary; he contended only that his agreement was an unconscionable adhesion contract that was unsupported by adequate consideration. We therefore would review a challenge to the voluntariness of the plea for plain error. *United States v. Novak*, 841 F.3d 721, 727 (7th Cir. 2016); *see United States v. Olano*, 507 U.S. 725, 734–735 (1993).

Counsel ponders and properly rejects three potential arguments that Merriweather's guilty plea was not knowing or voluntary because of violations of Federal Rule of Criminal Procedure 11. First, the court did not specifically ask Merriweather whether his plea "result[ed] from force" as Rule 11(b)(2) requires. But counsel correctly observes that Merriweather affirmed under oath that the plea was not the result of threats or promises and was freely and voluntarily entered. The plea agreement, which Merriweather testified he reviewed with counsel, also stated that it was not the result of "any threats, duress, or coercion."

Second, counsel rightly rejects a challenge to the court's omission of explicit language informing Merriweather of his right to plead not guilty. FED. R. CRIM. P. 11(b)(1)(B). But the plea agreement listed Merriweather's right to plead not guilty. Moreover, Merriweather already had pleaded not guilty and could not have been ignorant of that right. *See Knox*, 287 F.3d at 670.

Finally, counsel considers arguing that the district court did not fully explain its obligation to determine the correct sentencing guideline range and consider the sentencing factors under 18 U.S.C. § 3553(a). But we agree again that such a challenge would be frivolous. The plea agreement stated that Merriweather understood that the guidelines were advisory and that the court had discretion to sentence him after considering the guidelines and the § 3553(a) factors. Substantial compliance with Rule 11 is sufficient, and we see no non-frivolous argument that any of the three deviations affected Merriweather's substantial rights. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

Satisfied that the appeal waiver is valid, counsel concludes that the waiver would render any other possible arguments frivolous. Indeed, Merriweather's waiver of his right to contest "any aspect of his conviction" would foreclose a challenge to the denial of his motion to withdraw his guilty plea. *See United States v. Perillo*, 897 F.3d 878, 883 (7th Cir. 2018). The same is true of any potential challenge to the sentence, because the sentence is consistent with the conditions upon which Merriweather waived his right of appeal; namely, it is within the guideline range and statutory minimum. Therefore, any attack on the substantive reasonableness of the sentence would be frivolous. *See United States v. Polak*, 573 F.3d 428, 432 (7th Cir. 2009).

The appeal waiver would also forestall Merriweather's proposed challenges to his conviction based on his innocence of conspiracy, and to his sentence—specifically, to the career-offender enhancement and the applicable drug quantity. As already noted, Merriweather waived any challenges to the conviction and the way in which the sentence was determined or imposed.

Finally, Merriweather opposes his attorney's motion by arguing that the plea was not knowing or voluntary because he had ineffective counsel who "coerced" him to sign the agreement, failed to investigate whether Merriweather could have committed the charged conspiracy, and failed to inform him of his qualification as a career offender. Claims of ineffective assistance, however, are best reserved for a collateral proceeding where Merriweather can develop an evidentiary foundation to support these claims. *See Massaro v. United States*, 538 U.S. 500, 505–06 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Merriweather's motion to supplement his response is GRANTED but for the reasons discussed, Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.