NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 10, 2021
Decided December 21, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2275

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:20-cr-00115 |
| DEANGELO M. GLOVER, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

DeAngelo Glover pled guilty to possessing a firearm as a convicted felon and received a below-Guidelines sentence of 60 months' imprisonment. He now challenges his sentence, arguing that the district court erred by relying on erroneous facts and failing to account for his cooperation with law enforcement. Glover's plea agreement contains an appellate waiver, however, that bars him from appealing his sentence on these grounds. We therefore dismiss the appeal.

## I

In September 2019, police officers saw Glover and others loitering in a vacant lot in Milwaukee, Wisconsin. Members of the group were armed and smoking marijuana. When the officers approached, Glover and others fled. During the ensuing foot chase, an officer observed Glover carrying a gun. When the officer ordered him to drop the weapon, Glover tossed it into a bush. The foot chase ended with Glover being arrested and the police recovering the firearm—a loaded 9mm pistol—from the bush.

The federal charge followed. See 18 U.S.C. § 922(g). The government initially hoped to use Glover as an informant. Glover agreed and the parties executed a plea agreement containing cooperation provisions. As part of this plea agreement, Glover waived his right to appeal his sentence, subject to narrow exceptions. Glover initially held up his end of the bargain and showed promise as a cooperator. But the cooperation then fell apart when Glover was rearrested for selling drugs while on pretrial release. The government determined that the new arrest rendered Glover unusable as a cooperator. For his part, Glover then chose to plead guilty to the felon in possession charge pursuant to the same agreement. The district court accepted the guilty plea. In so doing, however, the district court made no mention of the appellate waiver in the plea agreement.

The district court imposed a below-Guidelines sentence of 60 months. Glover then appealed.

## II

The plea agreement is clear and precise. Glover "knowingly and voluntarily waive[d] his right to appeal his sentence in this case," subject to very limited exceptions not applicable here. This would normally be the end of the appeal. See *United States v. Galloway*, 917 F.3d 604, 606 (7th Cir. 2019) ("A written appellate waiver signed by the defendant will typically be voluntary and knowing, and thus enforceable through dismissal of a subsequent appeal."). It is not here because the district court did not "inform the defendant of, and determine that the defendant understands" "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence," a violation of Federal Rule of Criminal Procedure 11(b)(1)(N). At no point during the plea proceeding did Glover object to (or, for that matter, say a word about) the Rule 11 violation. We therefore review only for plain error. See *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007) (emphasizing the need of a defendant to object to a Rule 11 violation before the district court).

An appellate waiver "stands or falls with the plea bargain of which it is a part." *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010) (citation omitted). Not every violation of Rule 11(b)(1)(N) renders a plea agreement unenforceable. See Fed. R. Crim. P. 11(h); *United States v. Polak*, 573 F.3d 428, 432 (7th Cir. 2009) (concluding that a plea was entered knowingly and voluntarily despite a Rule 11(b)(1)(N) violation). Rather, a defendant is "obliged to show a reasonable probability that, but for the Rule 11 error, he would not have entered the plea." *Sura*, 511 F.3d at 658 (modification omitted) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

Glover cannot make such a showing. The record reflects that the guilty plea was voluntary and that adequate substitutes for a proper Rule 11 colloquy were in place. Glover is not an unsophisticated defendant, having attended a "little college" and having many prior experiences with the criminal justice system. And he testified under oath at the plea proceeding that he "had a chance to read and discuss the agreement with [his] lawyer" and that he "understand[s] the terms of this agreement." Glover also expressly confirmed in the plea agreement that "[m]y attorney has reviewed every part of this agreement with me."

But there is more. Indeed, "[p]erhaps most persuasive is the fact that" Glover confirmed during oral argument that "he still wants to plead guilty (he just wants to be resentenced)—therefore, any argument that 'but for the error, he would not have entered the plea' must be viewed with skepticism." *Polak*, 573 F.3d at 432 (quoting *Sura*, 511 F.3d at 658). A defendant cannot void only one provision of a plea agreement because of a Rule 11 violation; the agreement stands as a whole. See *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Put another way, a defendant "could not be entitled" to "the benefits of the agreement shorn of one detriment." *United States v. Hare*, 269 F.3d 859, 861 (7th Cir. 2001). Plain and simple, Glover is bound by the appellate waiver he agreed to. Because the appellate waiver in the plea agreement is valid, we need not address Glover's sentencing challenges.

We close by commenting that, although harmless on this record, the Rule 11 violation was entirely preventable. To avoid errors like this, district courts often follow checklists—modeled after the requirements of Rule 11—in conducting pleas. See Federal Judicial Center, *Benchbook for United States District Court Judges* § 2.01 (6th ed. 2013), https://www.fjc.gov/sites/default/files/2014/Benchbook-US-District-Judges-6TH-FJC-MAR-2013.pdf. And so, too, does it fall to both prosecutors and defense counsel alike to ensure that a plea adheres to the requirements of Rule 11. "Mistakes happen, but if the court inadvertently misses a step in the plea colloquy, counsel should speak

up and bring the omission to the court's attention before the plea is accepted." *Polak*, 573 F.3d at 432. District court judges, who are juggling hundreds of cases, will welcome the opportunity to avoid error.

For these reasons, Glover's appeal is DISMISSED.